## ROONEY v. SACRAMENTO VALLEY R. R. COMPANY.

Damages assessed for the value of land taken for a railroad, should be paid to the true owner, if he recovers possession before the damages are paid by the company; although, at the time of the damage, a trespasser was in possession, who had filed his claim to the damages.

APPEAL from the District Court of the Sixth Judicial District.

Fitch and Hawley were trespassers in possession of certain land which was taken by the Sacramento Valley Railroad Company, in the

manner prescribed by law, and the damages assessed. At that time Grover, the owner of the land, had an action for its recovery against F. and H. pending in the Courts. Grover, and Fitch and Hawley, each filed their claims before the commissioners to the damages. The company paid the money into Court, where it still remains. Grover subsequently recovered possession of the land, under a decree of Court, and it passed by conveyance to Rooney and Riley.

An order to show cause was granted, on the petition of the latter, upon the receiver in whose hands the money was placed by the Court, and upon Fitch and Hawley, why the damages should not be paid to the petitioners. The damages assessed are partly for injury to crops, and general damage, and partly for the value of the land and the cost of additional fences, rendered necessary by the construction of the road, which have not yet been put up.

On the hearing, the Court below awarded to Fitch and Hawley the damages for injury to crops, and general damage, and awarded to Grover, or his assigns, the damages assessed for the value of the land and for cost of fences to be put up. Fitch and Hawley appealed.

*Crocker and Robinson* for Appellants.

The act of the railroad company, in appropriating the land, would have been a trespass, but for the statute; and the law is well settled that it is only the party in the actual possession of real estate that can maintain this action. Therefore, Fitch and Hawley were the proper parties, and it is they alone who are entitled to the money. 9 Bacon Abr., 458, Trespass C, 3, citing numerous cases.

The party in the actual possession of lands, claiming to be owner, is entitled to the compensation, if it is taken for a highway or the public use. Grunter *v.* Geary, 1 Cal. R., 462; 1 Met., 439; 10 Pick., 161; 21 ib., 258.

If Grover was the real owner, and recovered the possession of Fitch and Hawley in ejectment, then he had a right to recover of F. and H., in that action, damages for *all* injuries to the property while in their possession, including the injuries caused by running the railroad through it; and the presumption is that he did thus recover his damages. Practice Act, § 64-(2.)

That being the proper remedy, Grover has no right to have the money awarded to Fitch and Hawley paid to himself, as thus he might obtain double compensation.

*W. S. Long* for Respondents.

How can Fitch and Hawley claim the damages done to the *land*, when they were trespassers themselves?

What right have they to the amount of money assessed as the value of the land, when the judgment of the Court shows that they were not the owners thereof, and that they were in the wrongful possession of the same?

Now, if Fitch and Hawley are entitled to this money, then any man

can enter upon my property; keep me out of its possession; recover from a third party the damages he may do to my freehold; put the money in his pocket, and, at the end of the law, return me my land in its damaged state.

But it is said, on the other side, that the presumption is that we have recovered our damages in the suit against Fitch and Hawley. How can this be so, when the suit against them was commenced long before these damages were done?

And how could Grover, in an action of ejectment, recover from Fitch and Hawley the damage done to the land by a third party—the Sacramento Valley Railroad Company?

Grover had to look to the company for the damages which they did his property, He did so, by notifying them that the land was his property, and that he would hold them responsible.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The position taken by appellants maintains that the money assessed as damages against the railroad company must be paid to F. and H., who, although trespassers, were in possession at the time of the damage, and they would be liable over, to the true owner of the land.

The rules of law never encourage circuity of action, and, as it seems that the true owner of the land had obtained possession before the money was paid out, he is entitled to receive it.

Judgment affirmed.